UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
MESEROLE STREET RECYCLING, INC.

                                                                        NOT FOR PUBLICATION
                        Plaintiff,                    MEMORANDUM & ORDER

                       -against-                     06-CV-4652 (CBA)

CSX TRANSPORTATION, INC.,
C&V LOGISTICS, LLC,
MARQUETTE RAIL, LLC, and
VORTEX, INC. (d/b/a VTX WASTE
MANAGEMENT and d/b/a VTX WASTE
MANAGEMENT, INC.),

                Defendants.
------------------------------------------------------------------ X
AMON, UNITED STATES DISTRICT JUDGE

      Plaintiff Meserole Street Recycling ("Meserole") has filed suit against defendants CSX Transportation, Inc. ("CSX"), C&V Logistics, LLC, ("C&V"), Marquette Rail, LLC ("Marquette"), and Vortex, Inc. ("Vortex"). CSX and Marquette have moved, *inter alia*, to dismiss the case pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue or, in the alternative, to transfer the case to the Western District of Michigan pursuant to 28 U.S.C. § 1406(a). For the reasons set forth below, the Court grants the defendants' motion to transfer the case.

      **I.**      **Background**

      Meserole filed suit in this Court to recover for losses allegedly incurred during the shipment of certain cargo. Meserole, a private recycling facility, receives mixed paper products which may be processed and condensed into pellets for reuse as an alternative energy source. Meserole and C&V arranged for paper products to be transported from Meserole's facility in

1

Brooklyn to C&V's location in Michigan, where the products would be pelletized.  Meserole loaded freight railcars with mixed paper products at its Brooklyn location in October and November of 2005.  Through its agent, Vortex, Meserole arranged for rail shipment of the mixed paper products from Brooklyn for delivery to C&V, in Michigan.  The freight was taken from Brooklyn by the originating carrier, New York & Atlantic Railway Company ("NY & Atlantic"), which is not a defendant in this action.  The railcars were delivered to the intermediate carrier, CSX, a railroad that operates throughout the eastern United States.  CSX in turn delivered the railcars to the delivering carrier, Marquette, a short-track railroad located solely in Michigan.  Marquette was to deliver the cars to C&V.

Meserole asserts that CSX and Marquette never delivered the railcars to C&V.  According to Meserole's complaint, Marquette refused to deliver the goods to C&V until that company paid freight fees.  (Complaint at ¶ 21.)  According to the complaint, C&V refused to pay such freight fees, (id. at ¶ 56) and refused to accept the goods (id. at ¶ 58, 59).  Therefore, Marquette returned the railcars to CSX, which removed the railcars from Michigan, and stored them at a number of locations outside of Michigan.  (Id. at ¶ 21-22.)  Meserole asserts that the contents of the railcars were damaged during this process.  Accordingly, Meserole filed suit in this Court on August 28, 2006, asserting a federal cause of action against CSX and Marquette under the Carmack Amendment, 49 U.S.C. § 11706.

The Carmack Amendment provides a single, uniform regime for recovery by shippers for loss or damage to their goods during shipment.  Project Hope v. M/V IBN SINA, 250 F.3d 67, 73 n.6 (2d Cir. 2001).  In connection with its Carmack Amendment claims, Meserole seeks repayment of "prepaid freight fees" as well as the market value of the freight that was shipped.

In addition, Meserole has asserted state law causes of action for breach of contract and fraud, as well as a claim for declaratory judgment against CSX and Marquette. Meserole has also filed a claim of fraud against C&V and Vortex. Vortex, in turn, has filed cross-claims against CSX, Marquette and C&V, seeking indemnity and contribution.

CSX and Marquette claim that the nondelivery of the freight cars was the fault of Meserole and C&V, and assert that they too have incurred damages as a result of the non-delivery of those freight cars. After the commencement of this lawsuit, Marquette filed suit against Meserole, C&V, Vortex, and Westbury Paper Co. ("Westbury"), in the Western District of Michigan, asserting a claim of fraud and seeking demurrage and storage costs. CSX also filed suit in the Western District of Michigan, naming Meserole, C&V, and Westbury as defendants and seeking storage fees, unpaid freight charges, and disposal and cleaning costs.

## II.   Discussion

### A.   The Carmack Amendment claims

#### 1.   Standard of review

CSX and Marquette move to dismiss this case under Rule 12(b)(3) of the Federal Rules of Civil Procedure or to transfer pursuant to 28 U.S.C. § 1406(a), arguing that the Eastern District of New York is not the proper venue. Upon such a motion, "the plaintiff has the burden of establishing that venue is proper." Micro-Assist, Inc. v. Cherry Commc'ns., Inc., 961 F. Supp. 462, 464 (E.D.N.Y. 1997). However, if the Court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of venue. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005) (applying Rule 12(b)(2) standard to motions under Rule 12(b)(3)). Furthermore, although a Court may dismiss a case that is brought in an improper forum, under

28 U.S.C. § 1406(a), the district court may "if it is in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### 2.     Venue is not proper in this district under the Carmack Amendment.

The Carmack Amendment allows a shipper to recover damages "for the actual loss or injury to the property caused by--(1) the receiving rail carrier; (2) the delivering rail carrier; or (3) another rail carrier over whose line or route the property is transported . . . under a through bill of lading."  49 U.S.C. § 14706(a)(1).  The Carmack Amendment has a special venue provision,  subsection 11706(d)(2)(A).  Special venue provisions are typically attached to statutes providing substantive rights and are intended to control all claims brought under such statutes.  See Pacer Global Logistics, Inc. v. Nat'l Passenger R.R. Corp., 272 F.Supp.2d 784 (E.D. Wis. 2003).  Subsection 11706(d)(2)(A) limits the venues in which such a Carmack Amendment claim may be brought, and provides that:

> A civil action under this section may only be brought -
> (i) against the originating rail carrier, in the judicial district in which the point of origin is located;
> (ii) against the delivering rail carrier, in the judicial district in which the principal place of business of the person bringing the action is located if the delivering carrier operates a railroad or a route through such judicial district, or in the judicial district in which the point of destination is located; and
> (iii) against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. § 11706(d)(2)(A).

In this case, venue is not proper in the Eastern District of New York under either § 11706(d)(2)(A)(i) ("subsection (d)(2)(A)(i)") or § 11706(d)(2)(A)(ii) ("subsection (d)(2)(A)(ii)").  Although the Eastern District of New York was the point of origin of the property at issue, Meserole has not sued the originating rail carrier, NY & Atlantic.

4

Accordingly, venue is not appropriate in the Eastern District of New York under subsection (d)(2)(A)(i).  In addition, Marquette, the delivering rail carrier, does not operate a railroad or a route through New York.[1]  Accordingly, venue is not proper in the Eastern District of New York under subsection (d)(2)(A)(ii).  Venue would be proper under this section in the Western District of Michigan, the point of destination and through which Marquette, the delivering rail carrier, operates railroads.

Finally, venue is not proper in Eastern District of New York under § 11706(d)(2)(A)(iii) ("subsection (d)(2)(A)(iii)"), as the loss or damage is not alleged to have occurred in this district.  Meserole does not allege that its goods were lost in the Eastern District of New York, nor does it allege that its goods were damaged in the Eastern District of New York.  Rather, Meserole argues that venue is proper in the Eastern District of New York under subsection (d)(2)(A)(iii) because it incurred losses from "prepayment of carriage and C&V fees," "market loss and loss of business opportunity" as well as demurrage and storage charges sought by defendant CSX.

Assuming without deciding that Meserole is entitled to damages in the form of "prepayment of carriage and C&V fees," venue is not proper in New York under 49 U.S.C. § 11706(d)(2)(A)(iii).  First of all, although Meserole prepaid fees in New York, the "loss" of

---

[1] Meserole also asserts that venue is proper against Marquette, as delivering carrier, under subsection (d)(2)(A)(iii) because Marquette is a "short line partner" with CSX, which operates tracks in New York.  In particular, Meserole argues that there is "a principal – agency relationship between these entities" that "may be construed as a joint venture or a true partnership depending on the facts as elicited at trial." (Pl. Br. at 4.)  However, Meserole does not assert any sort of agency or partnership relationship between CSX and Marquette in its complaint.  Marquette disputes that it has such relations with CSX.  According to Marquette, although it is a short line partner, it operates as an independent business. The fact that Marquette is a "short line" railroad that deals regularly with CSX does not mean that it operates railroads in New York state.

those fees occurred not when the fees were paid, but when the goods were either refused by C&V or were not delivered to C&V. Thus, the "loss" occurred in Michigan, not in New York. Similarly, any losses sustained by Meserole from demurrage charges were incurred when the goods failed to be delivered to Michigan. Indeed, Meserole's own complaint appears to fix the point of loss in Michigan, where delivery to C&V was refused. (See Complaint at ¶ 27 ("CSX and/or Meserole have failed to deliver the railcars and cargo and contents loaded at plaintiff's facility for an extended period of time."), ¶ 29 ("Because of the failure to deliver and/or the mis-delivery of the contents of the railcars . . . "), and ¶ 36 ("CSX and/or Marquette are responsible to plaintiff for the damage in transit to the cargo and contents of the railcars; for the mis-delivery of the railcars and contents; for the failure to deliver the contents of the railcars; . . .").)

Meserole argues, in the alternative, that venue is proper in this district because it cannot determine precisely where the "loss or damage occurred" under subsection (d)(2)(A)(iii). However, Meserole's only support for the argument that, when the situs of loss in unknown, it may bring suit in the district where it is located does not support this proposition. In Seko Air Freight, Inc. v. Direct Transit, Inc., 859 F. Supp. 306 (N.D. Ill. 1994), the case on which Meserole relies, the plaintiff cited a separate venue provision of the Carmack Amendment, 49 U.S.C § 11707(d)(1), which "permitt[ed] suit against a delivering carrier in any district court of the United States." 859 F. Supp. at 309. That provision did not apply to rail carriers and has since been repealed. Moreover, it is possible to fix the situs of loss in this case; as noted above, Meserole's complaint appears to fix the point of loss in Michigan.

Even presuming that it is impossible to determine where the "loss or damage occurred," Meserole is not without a venue to file its suit. Subsections (d)(2)(A)(i), (ii) or (iii) provide

Meserole with appropriate options for venue in this case, including bringing suit in the judicial district where the point of destination is located, see 11706(d)(2)(A)(ii), which does not require a determination of where the loss occurred.  In sum, Meserole, has failed to show that venue over its Carmack Amendment claims is proper in the Eastern District of New York under subsections (d)(2)(A)(i), (ii) or (iii).

      **B.**      **Meserole's state law claims**

Meserole's state law claims are properly venued with its Carmack Amendment claims under the doctrine of pendent venue.  The doctrine of pendent venue is ordinarily employed where venue is lacking for a state claim that arises from the same nucleus of operative facts as a properly venued federal claim.  See Hsin Ten Enterprise USA, Inc., v. Clark Enterprises, 138 F.Supp.2d 449, 462 (S.D.N.Y. 2000); Garrel v. NYCCare Health Plans, Inc., No. 98-CV-9077, 1999 WL 459925 at *5 (S.D.N.Y. June 29, 1999).  Courts routinely exercise pendent venue over state law claims. See e.g., Hsin Ten Enterprise, 138 F.Supp.2d at 462; Hudson Venture Partners, LP v. Patriot Aviation Gr., Inc., No. 98-CV-9077, 1999 WL 76803 at *5 (S.D.N.Y. Feb. 17, 1999).

A court may assert pendent venue over state claims where venue for claims brought under the Carmack Amendment properly lies.  In Pacer Global Logistics, Inc. V. National Passenger Railroad Corp. et al., 272 F.Supp.2d 784 (E.D. Wis. 2003), for example, plaintiff brought both Carmack Amendment and state law claims for damage to its freight resulting from a derailment. Although venue for plaintiff's Carmack Amendment claims laid in the Eastern District of Wisconsin, its state law claims were venued in California.  Applying the doctrine of pendent venue, the court held that "where a special venue provision lays venue of a claim in

7

certain specified districts, such provision controls venue for all claims arising out the same nucleus of operative facts." Id. at 790.  As the Carmack Amendment claims in Pacer were properly venued in the Eastern District of Wisconsin, and the related state claims arose from a common nucleus of operative facts, the court in Wisconsin exercised pendent venue over those state claims. Id. at 791.

Meserole's state claims arise from the same nucleus of operative facts as its Carmack Amendment claims, namely, the non-delivery of its goods to C&V's facility in Michigan. Meserole's state law claims, therefore, are properly venued with its federal claims.  Accordingly, venue for all claims would be proper in the Western District of Michigan.

### C.     This Court will transfer the case in the interest of justice

Although a Court may dismiss a case that is brought in an improper forum, under 28 U.S.C. § 1406(a), the district court may "if it is in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).  The discretion of a court to transfer a case pursuant to Section 1406(a) is broad.  See Spar Inc., v. Info. Res., 956 F.2d 392, 394 (2d Cir. 1992).  When determining whether transfer pursuant to Section 1406(a) is appropriate, a court may take into account the ultimate goal of the "expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heinman, 369 U.S. 463, 466-67 (1962).

The interests of justice are best served in this case by transfer, not dismissal.  Venue over Meserole's Carmack Amendment claims would be proper in the Western District of Michigan.

Moreover, related proceedings are pending in that district.  CSX has filed suit against Meserole, C&V, and Westbury asserting a claim of fraud and seeking demurrage and storage costs in connection with the non-delivery of the goods.  Marquette has also filed suit against the parties in the Western District of Michigan.  As the disputed loss occurred in Michigan, and all claims involve evidence and witnesses also located there, transfer of claims to the Western District of Michigan is in the interests of justice.

Accordingly, this entire case is transferred to the Western District of Michigan, with the exception of Meserole's state contract claim.  That claim is dismissed, as plaintiff has conceded that it is preempted by the Carmack Amendment.  (March 5, 2006 Tr. at 18.)  As the Court finds that transfer is appropriate, it defers decision on other issues raised by the parties to allow the transferee court an opportunity to consider the merits of the case.  See Lyon v. Cornell Univ., No. 97-CV-7070, 1998 WL 226193 at *2 (S.D.N.Y. May 4, 1998); Entenmann's Inc. V. King Bees Distrib. Co., Inc., 692 F.Supp. 157, 159 (E.D.N.Y. 1988).

## CONCLUSION

As plaintiff has conceded that its breach of contract claim is preempted by the Carmack Amendment, it is dismissed.  For the reasons set forth above, this remainder of this case is transferred to the Western District of Michigan.  The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2007                                              Carol Bagley Amon
                                                                United States District Court